IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN LLOYD,<br><br>             Plaintiff,<br><br>     v.<br><br>THOMAS POKORNY, et al,<br><br>             Defendants. | CIVIL ACTION<br>NO. 19-4386 |

## MEMORANDUM OPINION

**SCHMEHL, J. /s/ JLS**                                                                                        **May  4, 2020**

### I.      INTRODUCTION

Susan Lloyd, proceeding *pro se*, has filed this civil action against twenty (20) different defendants, alleging 44 different causes of action that all stem from her inability to successfully litigate her civil case against her former neighbor, Thomas Thornsbery. All defendants except for Defendant Thornsbery have been served and subsequently moved to dismiss the Amended Complaint. However, because this matter is not properly venued in the Eastern District of Pennsylvania, I will deny all pending motions as moot and transfer this matter to the United States District Court for the Southern District of Ohio.

### II.     STATEMENT OF FACTS

Plaintiff's claims all arise from the assertion that defendants prevented her from successfully litigating a civil action against Joshua Thornsbery and Michael Szabo, in *Lloyd v. Thornsbery, et al.,* Portage County Court of Common Pleas Case No. 2016CV00230. Lloyd's Amended Complaint asserts 44 causes of action that challenge Defendants' conduct within or related to her Portage County, Ohio civil action. See Am.

Compl., ¶¶ 27-28, 31. Her claims include allegations of U.S. Constitutional violations; violations of Ohio and federal criminal statutes; violations of "the common law," as well as specific common law claims for abuse of process, malicious prosecution, and bribery; violations of the appellate "abuse of discretion" standard of review; violations of Ohio's Sunshine Laws; violations of various Federal Rules of Civil Procedure; violations of various Portage County, Ohio Local Rules of Civil Procedure; violations of the Ohio Rules of Professional Conduct; violations of the Ohio Rules for Superintendence of Ohio Courts; violations of the Fair Debt Collections Practices Act (FDCPA) and FTC Debt Collection Practices; and sexual and disability discrimination. However, each of Plaintiff's numerous claims are based in the allegation that the defendants prevented her from successfully pursuing her underlying civil case against her former neighbor, Defendant Joshua Thornsbery, in the Ohio state court proceedings. In the instant matter, all defendants have moved to dismiss the complaint. In addition, several defendants have raised the defense of improper venue, and have requested alternative relief in the form of this matter being transferred to the Northern or Southern District of Ohio.

### III.    DISCUSSION

Generally, courts examine personal jurisdiction before addressing the issue of proper venue. *See Leroy v. Great W. United Corp.,* 443 U.S. 173, 180 (1979); *see also Madotto v. Rosman,* 1998 WL 961390, at *2 (E.D. Pa. Dec.10, 1998). A court may, however, first analyze the question of venue when "the resolution of the venue issue 'resolves' the case before [the] Court." *Lomanno v. Black,* 285 F.Supp.2d 637, 640 (E.D. Pa. 2003) (*quoting Leech v. First Commodity Corp. of Boston,* 553 F.Supp. 688, 689

(W.D. Pa. 1982)); *see also Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 419 (E.D. Pa. 2005).

When venue is improper, the Court may dismiss the case or, in the interest of justice, transfer it to a district court in which the case could have been brought pursuant to 28 U.S.C. § 1406(a). *See Knight v. Corp. for Nat. & Cmty. Serv.,* 2004 WL 2415079, at *6 (E.D. Pa. Oct. 28, 2004). Generally, "[d]ismissal is a disfavored remedy because of the strains it imposes on judicial and party resources," *id.,* and a court can transfer the case to a forum in which it could have been brought even if the court lacks personal jurisdiction over the defendant. S*ee Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465–67 (1962); *see also Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 588 (E.D. Pa. 2015) (stating that a court can transfer the case to a forum in which it could have been brought even if it lacks personal jurisdiction over the defendant).

As explained below, because this case cannot proceed against the defendants in this District but can proceed against all Defendants in the Northern or Southern District of Ohio, I find that transfer is in the interest of justice. I will therefore transfer the claims asserted against the Defendants to the Southern District of Ohio.

The United States Court of Appeals for the Third Circuit has set forth that "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *see also Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007) ("Section § 1406(a) comes into play where plaintiffs file suit in an improper forum.").

The proper venue for this civil action is defined by 28 U.S.C. § 1391, which states that venue is proper, except as otherwise provided by law, only in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant matter, none of the Defendants are residents of Pennsylvania, as all the Defendants reside in the state of Ohio. Therefore, proper venue cannot be established under 28 U.S.C. § 1391(b)(1). Further, none of the alleged acts that gave rise to this action occurred within this judicial district. All the acts that Plaintiff alleges were committed took place in the State of Ohio. The only connection that the Eastern District of Pennsylvania has to this action is Plaintiff's claim that she has moved to Mt. Joy, Pennsylvania, which is located within this Court's judicial district. However, that fact alone is insufficient to confer proper venue upon this Court. *See D&L Distrib., LLC v. Agxplore Int'l, LLC*, 959 F. Supp. 2d 757, 767 (E.D. Pa. 2013) ("Contrary to plaintiffs' contentions, proper venue is determined based upon where the defendant, not the plaintiff, resides, conducts business, or is subject to personal jurisdiction.").

The only proper venues for this action would be the Northern or Southern District of Ohio. These Districts are the only forums located in the state where all Defendants reside, and they are the venues in which of all the alleged events occurred. The Eastern District of Pennsylvania has no connection to the allegations in this matter, which relate

to Plaintiff's issues with alleged actions taken against her in the Thornsbery action (occurring in Portage County, Ohio, located in the Northern District of Ohio) and her complaints against several State defendants and Ohio disciplinary counsel related to alleged decisions made with regard to the Thornsbery action (all allegedly occurring in Columbus, Ohio, located in the Southern District of Ohio).

The Eastern District of Pennsylvania is not a permissible venue for Plaintiff's Complaint under either 28 U.S.C. §§ 1391(b)(1) or (b)(2), as no defendant resides here and none of the events or omissions giving rise to the claim occurred here. Also, venue does not lay in this district pursuant to Section 1391(b)(3), which applies only when "there is no district in which an action may otherwise be brought," because Plaintiff could have brought this action in either the Northern or Southern District of Ohio. "The language of 28 U.S.C. § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Since the venue issue is clear and dispositive, I will decide the issue of venue before that of personal jurisdiction. Therefore, I need not address all pending motions. As Plaintiff requested in the alternative that this matter be transferred to the Southern District of Ohio, a district in which venue of this matter is proper, I will transfer this matter to the Southern District of Ohio.

## V. **CONCLUSION**

For the foregoing reasons, the Court will deny all pending motions in this matter as moot and transfer this case to the United States District Court for the Southern District of Ohio.