UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN LLOYD,

    **Plaintiff,**

v.

THOMAS POKORNY, *et. al.*,

    **Defendants.**

Case No. 2:20-cv-2928
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION & ORDER

The matter before the Court is Plaintiff Susan Lloyd's ("Plaintiff") objection to the Magistrate Judge's June 11, 2020, Order (ECF No. 51). For the reasons stated herein, the motion (ECF No. 51) is **DENIED**.

### I.

Plaintiff filed this action on September 23, 2019 in the Eastern District of Pennsylvania. (*See* Compl., ECF No.1.) On June 5, 2020, the case was transferred to this Court. (*See* ECF No. 45.) Prior to transfer there were sixteen pending motions. (ECF Nos. 13–15, 18–20, 22, 24–28, 30–31, and 37–38.) The transfer court denied the motions as moot without explanation in the transfer order. (*See* ECF No. 42–43.) The Magistrate Judge ordered the motions to be reactivated because the case was live, though transferred. (*See* Op. & Order at 1, ECF No. 46.) In the same order the Magistrate Judge did the following:

- Denied as moot all motions which either asked to dismiss the original complaint, asked for leave to file an untimely motion to dismiss the original complaint, or asked to strike certain motions to dismiss the original complaint because the Amended Complaint had subsequently been filed. (*Id.* at 12.)

- Denied without prejudice Plaintiff's motions for default judgment because Plaintiff had not obtained an entry of default from the Clerk. (*Id.* at 2–3.)

1

- Denied Defendants' David Perduk, Perduk & Associates, Lindsay Molnar, and Michael Szabo (the "Perduk Defendants") motion to strike the Amended Complaint, granted the Perduk Defendants' request to file motion to dismiss instanter, and denied Plaintiff's motion to strike the Perduk Defendants' motion to dismiss finding a dispute over whether the Perduk Defendants were actually served the Amended Complaint. (*Id.* at 4–5.)

- Denied Plaintiff's motion to serve Defendant Thornsbery through an email to Defendant Whitacre and ordered Plaintiff to show cause within 14 days why the Court should not dismiss the action against Defendant Thornsbery. (*Id.* at 5–6.)

Plaintiff now objects to the Magistrate Judge's June 11 Order. (*See* Pl.'s Objs. Order, ECF No. 51.)

## II.

Plaintiff argues all actions taken in the June 11 Order should be reversed because: (1) Plaintiff did consent to the Magistrate Judge being assigned to her case, (2) the mooted motions should have been left moot; (3) Plaintiff did obtain an entry of default from the clerk; (4) the motion to strike the Perduk Defendants' motion to dismiss should have been granted; (5) Whitacre should have to accept service for Thornsbery; (6) the Magistrate Judge should have issued a report and recommendation; and (7) the Order was not valid because the Magistrate Judge used an e-signature. (*See id.*) The Court will address each argument separately.

[I]f a motion is nondispositive, a magistrate judge, without the consent of the parties, has the power to enter orders which do not dispose of the case." *Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (citing Fed. R. Civ. Pro. 72). "The district court can reconsider a magistrate judge's nondispositive order 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Id.* (citing 28 U.S.C. § 636(b)(1)(A)).

Each of the Magistrate's orders were nondispositive as none of them disposed of the case, which is still active. Thus, the Magistrate did not need the parties' consent and did not need to

2

issue a report and recommendation. Additionally, the Court finds none of the orders were clearly erroneous or contrary to law.

First, the Magistrate Judge reactivated motions that were mooted prior to transfer. The Magistrate Judge explained that the motions were being reactivated because the case was still active. 28 U.S.C. § 1406(a) allows a court in which venue is incorrect to either dismiss the case *"or if it be in the interest of justice,* transfer such case to any district or division which [the case] could have been brought in." (emphasis added). The transfer court chose to transfer the case instead of dismissing it and thus, the Magistrate Judge did not act in clear error in reactivating the motions which had not been resolved prior to transfer.

Second, the Magistrate Judge denied as moot all motions relating to the complaint because Plaintiff filed an Amended Complaint. The filing of an amended complaint "supersedes all prior complaints," rendering them "nullit[ies]." *B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008); *see also Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) ("Plaintiffs first amended complaint, not this original complaint, was the legally operative complaint."). Thus, "courts in this Circuit will deny Rule 12 motions as moot after a plaintiff subsequently files an amended complaint." *Powell v. Nucor Steel Memphis, Inc.*, No. 2:19-cv-02280, 2019 U.S. Dist. LEXIS 162056, at *2 (W.D. Tenn. June 20, 2019) (citing *Pinks v. Lowe's Home Ctrs., Inc.*, 83 F. App'x 90 (6th Cir. 2003)). Thus, the Magistrate Judge did not act erroneously when denying as moot the motions to dismiss , motions for leave to file motions to dismiss instanter, and motions to strike the motion to dismiss as moot because they all related to the complaint and an Amended Complaint was filed.

The Magistrate Judge also denied Plaintiff's motions for default judgment because Plaintiff failed to first apply for and obtain an entry of default from the Clerk as required. Plaintiff argues

3

in her objection that she attached to her motions for default judgement an application for the Clerk to enter default. Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)). The Magistrate Judge did not act erroneously when denying the motion because Plaintiff had not yet obtained the entry of default from the Clerk.

Next, the Magistrate Judge denied the Perduk Defendants' motion to strike the amended complaint, granted their alternative request to file a motion to dismiss instanter, and denied Plaintiffs' motion to strike the Perduk Defendants' motion to dismiss. The Magistrate Judge noted that even if Plaintiffs' argument was taken as true, and she did serve the Amended Complaint on the Perduk Defendants on December 9, 2019, then the Perduk Defendants moved for leave to file a response only eight days later. The Magistrate Judge found this delay reasonable and allowed the filing of the motion to dismiss. The Court agrees and finds this decision was not clearly erroneous. *See* Fed. R. Civ. Pro. 12(a).

Finally, the Magistrate Judge denied Plaintiff's motion to serve Defendant Thornsbery through an email to Defendant Whitacre and ordered Plaintiff to show cause in fourteen days why the action against Defendant Thornsbery should not be dismissed for failure to effectuate service. Defendant Whitacre has not entered an appearance in this case as counsel for Defendant

4

Thornsbery or in any other way purported to represent Defendant Thornsbery. The Magistrate did not act erroneously in finding it inappropriate to serve Defendant Thornsbery through Defendant Whitacre's email. *See* Fed. R. Civ. Pro. 4(e). The order to show cause was also not erroneous. *Id.* at 4(m).

Lastly, the Court must address Plaintiff's argument that the Magistrate Judge's order was not valid because of the use of an e-signature. Plaintiff's argument is unpersuasive because Local Rule 58.1 provides that "[a]ll orders, decrees, judgments, and proceedings of the Court filed in accordance with these Rules using the ECF system will constitute entry on the docket kept by the Clerk under Fed. R. Civ. P. 58 and 79. All signed orders shall be filed electronically. Any order filed electronically without the original signature of a Judge has the same force and effect as if the Judge had affixed his or her signature to a paper copy." S.D. Ohio Civ. R. 58.1(a). Thus, the Magistrate Judge's order containing an electronic signature is valid.

In sum, the Magistrate Judge's nondispositive order was not clearly erroneous. Plaintiff's objection is OVERRULED.

### III.

For the reasons stated herein, Plaintiff's objection to the Magistrate Judge's June 11, 2020 Order is **OVERRULED.**

**IT IS SO ORDERED.**

7-7-2020
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE