UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SUSAN LLOYD,**

    **Plaintiff,**

  v.

**THOMAS POKORNY,** *et. al.*,

    **Defendants.**

Case No. 2:20-cv-2928
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Defendants the Supreme Court of Ohio, Ohio Supreme Court Chief Justice Maureen O'Connor ("Chief Justice O'Connor"), the Office of the Ohio Disciplinary Counsel ("OODC"), Ohio Disciplinary Counsel Joseph Caligiuri ("Disciplinary Counsel Caligiuri"), Assistant Disciplinary Counsel Amy Stone ("Assistant Counsel Stone"), and the State of Ohio (collectively the "State Defendants") filed a Motion to Dismiss (ECF No. 30). Plaintiff Susan Lloyd ("Plaintiff") has responded (ECF No. 32). For the reasons stated herein, the State Defendants' Motion to Dismiss (ECF No. 30) is **GRANTED.**

**I.**

Plaintiff filed this action on September 23, 2019 in the Eastern District of Pennsylvania. (*See* Compl., ECF No. 1.) On June 5, 2020, the case was transferred to this Court. (*See* ECF No. 45.) Plaintiff sued the following Defendants: Judge Pokorny, Chief Justice O'Connor, the Supreme Court of Ohio, Scott Drexel, Assistant Counsel Stone, Disciplinary Counsel Caligiuri, OODC, Jason Whitacre, Scott Flynn, Flynn, Keith, and Flynn, LLC, Lindsay Molnar, David Perduk, Perduk and Associates Co., LLC, Chris Meduri, the State of Ohio, Portage County, Portage Courthouse, Clerk of Courts Fankhauser, Tory Reeves, Court Reporter DiNardo, Joshua

Thornsbery and Michael Szabo (collectively "Defendants"). (*See id.*) Plaintiff sued the individual defendants both in their official and personal capacities.[1] Plaintiff's Complaint was 129 pages. (*See id.*) On December 11, 2019, in response to extensive Federal Rule of Civil Procedure 12 briefing by several of Defendants, Plaintiff amended her Complaint. (*See* Am. Compl., ECF No. 23.) The Amended Complaint is 155 pages. (*See id.*)

Plaintiff's Amended Complaint includes 44 causes of action all related to a civil case filed in Portage County, Ohio, *Lloyd v. Thornsbery, et al.*, No. 2016CV00230 (the "*Thornsbery* case.") (*See id.*) In the *Thornsbery* case Plaintiff sued a former neighbor and others who allegedly harassed her. (*Id.* ¶ 27.) The defendants ultimately prevailed, and Plaintiff's appeal is pending in the Ohio Eleventh District Court of Appeals.[2]

The allegations include violations of the United States Constitution, violations of Ohio and federal criminal statutes, common law claims of abuse of process, malicious prosecution, and bribery, violations of the appellate "abuse of discretion" standard of review, violations of Ohio's Sunshine laws, violations of various Federal Rules of Civil Procedure, violations of various Ohio Local Rules of Civil Procedure, violations of Ohio Rules of Professional Conduct, violations of the Ohio Rules of Superintendence of Ohio Courts, violations of the Fair Debt Collections Practices Act and Federal Trade Commission Debt Collection Practices, and discrimination based on sex and disability. (*Id.* ¶ 4.)

Specifically, with regards to the State Defendants, Plaintiff alleges the following:

- **Chief Justice O'Connor:** Plaintiff alleges Chief Justice O'Connor refused to discipline attorneys who violated the law. (*Id.* ¶ 58.) Additionally, Plaintiff alleges Chief Justice

---

[1] Plaintiff does not name Disciplinary Counsel Caligiuri in the Complaint, but the State Defendants include him presumably because Plaintiff sued the OODC. Thus, there are no individual capacity claims against Disciplinary Counsel Caligiuri.

[2] The Court may take judicial notice of the existence of prior judicial proceedings. *Ascentium Capital, LLC v. Cent. USA Wireless, LLC*, No. 1:17-cv-744, 2018 U.S. Dist. LEXIS 161510, at *7 (S.D. Ohio Sept. 21, 2018). The status of Plaintiff's appeal of the *Thornsbery* case can be found at https://services.portageco.com/eservices/home.page.2.

>O'Connor abused her discretion and the process and neglected her duties by unlawfully assigning a retired judge to the *Thornsbery* case, unlawfully retaliating against those who try to exert their constitutional rights through the vexatious litigator statute, refusing to enforce laws against Judge Pokorny, and racketeering to extort taxpayers. (¶¶ 59–66.) Further, Plaintiff alleges Chief Justice O'Connor discriminated against her based on her sex and disability. (*Id.* ¶¶ 66–67.) Finally, Plaintiff alleges Chief Justice O'Connor violated, and allowed others to violate, various rules of procedure, evidence, and discipline. (*Id.* ¶¶ 68–93.)

- **The Supreme Court of Ohio**: Plaintiff incorporates her allegations against Chief Justice O'Connor against the Supreme Court of Ohio and states the Supremes Court of Ohio refuses to uphold the law. (*Id.* ¶ 94.)

- **Assistant Counsel Stone**: Plaintiff alleges Assistant Counsel Stone refuses to discipline certain attorneys for criminal activity, malicious prosecution, contacting a represented individual, harassing and wiretapping Plaintiff, and other allegedly unlawful conduct. (*Id.* ¶¶ 95–104.)

- **OODC and Disciplinary Counsel Caligiuri:** Plaintiff repeats her allegations against Assistant Counsel Stone against OODC. (*Id.* ¶ 106.)

- **State of Ohio**: Plaintiff alleges that the State of Ohio is blocking her comments on State of Ohio websites. (*Id.* ¶ 139.) Additionally, Plaintiff contends the State of Ohio refuses to enforce the law. (*Id.* ¶ 259.)

Plaintiff's Amended Complaint asks for a series of relief which can be divided into three categories. First, Plaintiff asks for relief relating to the *Thornsbery* case and other state court actions including: providing Plaintiff a new trial with a new judge, amending Judge Pokorny's orders, dismissing the sanctions against Plaintiff ordered in the *Thornsbery* case, dismissal of the determination that Plaintiff is a vexatious litigator made in the *Thornsbery* case, Judge Pokorny's recusal from the *Thornsbery* case and "every other case in Ohio," reevaluation of Plaintiff's previously dismissed state court complaints, and transfer of the *Thornsbery* case out of Portage County, Ohio. (*See id*. ¶¶ 691–97.) Second, Plaintiff asks for the following injunctive relief: reevaluation the criminal activity Plaintiff previously complained about, a public apology, restoration of Plaintiff's ability to post on Portage County and Ohio websites and social media, training for Ohio officials on the use of service dogs, an order prohibiting Defendants from

3

violating other individuals' civil rights, disbarment of Defendants Jason Whitcare, Scott Flynn, Lindsay Molnar, David Perduk, Amy Stone, Chief Justice Maureen O'Connor, Judge Pokorny, and Troy Reeves, removal of Court Reporter DiNardo's court reporter license, and prosecution of Michael Szabo and Joshua Thornsbery for crimes including drug use and violence. (*See id.* ¶¶ 698–99, 701–03, 706–08.) Finally, Plaintiff asks for monetary relief including: $100,000 in actual and punitive damages, a fine imposed for violation of Plaintiff's civil rights, expenses for Plaintiff's relocation out of Portage County, and compensation from Mr. Szabo and Mr. Thornsbery for Plaintiff's financial loss as a result of Defendants' criminal behavior. (*See id.* ¶¶ 700, 704–05, 708.)

The Ohio Defendants move to dismiss the claims against them for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.[3] (Defs.' Mot. Dismiss at 10–21, ECF No. 28.)

## II.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). "The *Rooker-Feldman* doctrine states that district courts lack subject-matter jurisdiction over challenges to state court determinations." *Caddell v. Campbell*, No. 1:19-cv-91, 2020 U.S. Dist. LEXIS 24315, at *11 (S.D. Ohio Feb. 12, 2020); *see also Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) ("Federal district courts do not stand as appellate courts for decisions of state courts."). Federal courts must give full faith and credit to final judgments from state courts and lack jurisdiction to

---

[3] This motion was filed prior to the transfer of the case to this Court. The Ohio Defendants also argued the Eastern District of Pennsylvania lacked personal jurisdiction over them. (Mot. Dismiss at 2–5.) This argument are now moot due to the transfer of the case. Similarly, Plaintiff's response asks the Court to transfer the case to the Southern District of Ohio. (*See* Pl.'s Resp. at 1.) This request is also moot.

4

review those decisions. *See* 28 U.S.C. § 1257. The *Rooker-Feldman* doctrine applies to any case in which a plaintiff attempts to bring an impermissible attack on a state court judgment. *Caddell*, 2020 U.S. Dist. LEXIS 24315 at *12.

In addition, under the Eleventh Amendment, federal courts lack jurisdiction to hear suits by private citizens against a State unless the State consents to the suit or unless Congress, pursuant to a valid exercise of power, indisputably consents its intent to abrogate state immunity." *Bedford v. Kasich*, No. 2:11-cv-351, 201 U.S. Dist. LEXIS 51903, at *11 (S.D. Ohio May 4, 2011) (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)); *Smith v. Ohio Legal Rights Serv.*, No. 2:10-cv-1124, 2011 U.S. Dist. LEXIS 46024, at *15 (S.D. Ohio Apr. 29, 2011).

Additionally, "[a]n entity acting as an arm of the state enjoys Eleventh Amendment Immunity from federal suit to the same extent as the state itself." *Yancey v. Los Angeles Superior Court*, No. 5:03-cv-122, 2004 U.S. Dist. LEXIS 330, at *10 (W.D. Mich. Jan. 2, 2004) (citing *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 47–51 (1994); S*mith*, 2011 U.S. Dist. LEXIS 46024 at *15 (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). Thus, Eleventh Amendment immunity extends to state officials sued in their official capacity. *McCormick v. Miami Univ.*, No. 1:10-cv-345, 2011 U.S. Dist. LEXIS 48467, at *55–56 (S.D. Ohio May 5, 2011) (citing *Tucker v. Ohio Dep't Rehabilitation & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998))). This is because a suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office and as such is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Eleventh Amendment immunity for state officials is limited, however, by the doctrine of *Ex Parte Young*, which the Supreme Court has described as applying "when a federal court commands a state official to do nothing more than from refrain from violating federal law." *Va.*

5

*Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 248 (2011). In these instances, courts apply a "legal fiction" that the state official is not the state for purposes of sovereign immunity. *See id.* As a result, when a state official is sued only for prospective, non-monetary relief, such as an injunction, Eleventh Amendment immunity does not apply. *See Ex Parte Young*, 209 U.S. 123, 15–60 (1908); *Smith v. Oakland Cty*, 344 F. Supp. 2d 1030, 1056 (E.D. Mich. 2004). To evaluate whether the *Ex Parte Young* doctrine applies, the Court need only look to the allegations in the complaint, not the merits of the claim. *Bedford*, 2011 U.S. Dist. LEXIS 51903 at *24 (citing *Verizon MD. Inc. v. United States*, 535 U.S. 635, 646 (2001)). This doctrine does not apply to a state official's violation of state law. *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Ohioans Against Corp. Bailouts, LLC v. LaRose*, 417 F. Supp. 3d 962, 975–76 (S.D. Ohio Oct. 23, 2019) ("A claim that a state official violates state law in carrying out his or her official duties is a claim against the state, which is barred by the Eleventh Amendment, depriving a federal court of jurisdiction to hear the matter.").

### III.

The State Defendant's argue that the claims against them are barred by the Eleventh Amendment. (Defs.' Mot. Dismiss at 5–7.) In response, Plaintiff states only that "Defendants are not immune under the Eleventh Amendment for violation of Federal law." (Pl.'s Resp. at 3, ECF No. 32.) The State Defendants' argument is well taken.

Plaintiff is asking for a series of different types of relief in this case some of which include: a new trial with a new judge for the *Thornsbery* case, amendment of Judge Pokorny's orders in the *Thornsbery* case, dismissal of the sanctions against Plaintiff which were ordered in the *Thornsbery* case, dismissal of the determination that Plaintiff is a vexatious litigator made in the *Thornsbery* case, recusal by Judge Pokorny from the *Thornsbery* case and "every other case in Ohio,"

reevaluation of Plaintiff's previously dismissed state court complaints, and transfer of the *Thornsbery* case out of Portage County, Ohio. (Am. Compl. ¶¶ 691–97.) Additionally, many of Plaintiff's claims argue the State Defendants violated rules of procedure in the *Thornsbery* case, for example, violations of the federal rules of civil procedure. (*See id.* ¶¶ 384–455, 465–96, 501–07, 529–30, 677–83.) With these requested forms of relief and alleged violations during the state trial Plaintiff attempts to attack a final state court judgment. This Court does not have subject matter jurisdiction over these claims under the *Rooker-Feldman* doctrine. *See Caddell*, 2020 U.S. Dist. LEXIS 24315 at *11; *Hall*, 727 F.3d at 453; *see also Yancey*, 2004 U.S. Dist. LEXIS 330 at * 8–10 (finding the district court did not have subject matter jurisdiction due to the *Rooker-Feldman* doctrine in a case challenging a state court decision on various grounds including state law, federal law, and the Constitution); *McLynas v. Tennessee*, No. 3:06-cv-00186, 2007 U.S. Dist. LEXIS 7477, at *7 (E.D. Tenn. Feb. 2, 2007) (finding the court did not have jurisdiction to hear the portion of the claims previously heard, considered, and/or decided by the Knoxville state court). Thus, these claims are **DISMISSED**.[4]

In addition, the State of Ohio has immunity for all claims against it because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity. *See Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.3d 449, 460 (6th Cir. 1982). Thus, all claims against the State of Ohio are **DISMISSED**.

Next the Court turns to the OODC and the Supreme Court of Ohio. The Court begins with the question of whether these entities are "arms of the state." *See Smith*, 344 F. Supp. 2d at 1053 (noting that for individuals to have Eleventh Amendment immunity they must be "arms of the

---

[4] Plaintiff states in her introduction and conclusion that she would like her case stayed until her state court cases are complete. (Pl.'s Resp. at 1, 25.) Plaintiff provides no law as to why this is proper or how this would then allow the district court to rule in a way that could affect her state court judgment. This argument is without merit.

state" or "alter egos" of the state). Precedent shows these entities are arms of the state entitled to Eleventh Amendment immunity. *See Novel v. Zapor*, No. 2015 U.S. Dist. LEXIS 197441, at *17–18 (S.D. Ohio Mar. 11, 2015) (dismissing claims against OODC officers in their official capacity as barred by the Eleventh Amendment) (citing cases); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236–37 (6th Cir. 2002) ([The] [p]laintiff's claims against the Supreme Court of Ohio and the officials are barred by the Eleventh Amendment."); *Jones v. Singer*, No. 3:16-cv-142, 2016 U.S. Dist. LEXIS 137733, at *14 (S.D. Ohio Oct. 4, 2016) (noting an amendment to add the Supreme Court of Ohio would be futile because the Supreme Court of Ohio is immune under the Eleventh Amendment). Thus, the OODC and the Supreme Court of Ohio have Eleventh Amendment immunity and the claims against these entities are **DISMISSED**.

Further, Disciplinary Counsel Caligiuri, Assistant Counsel Stone, and Chief Justice O'Connor (the "Individual State Defendants") are sued for damages in their official capacity which is in essence a suit against their employers. *See e.g., S.L. Peirce Twp. Bd. of Trustees*, No. 1:07cv986, 2009 U.S. Dist. LEXIS 31367, at *20–21 n.7 (S.D. Ohio Mar. 26, 2009) ("[I]f [the] [p]laintiffs intended to sue [defendant] Judge Wyler in her official capacity as a Common Pleas Court Judge, she would be entitled to Eleventh Amendment Immunity."); *Doughty v. Tenn. Dep't of Children's Servs.*, No. 3:!5-CV-102, 2016 U.S. Dist. LEXIS 56416, at *10 (E.D. Tenn. Apr. 28, 2016) ("Because the official-capacity claims against [the individual defendants employed by a state agency] are in essence suits against [the state agency] itself—an 'arm of the state' entitled to Eleventh Amendment immunity—they too are barred."); *Novel v. Zapor*, No. 2:14-cv-264, 2015 U.S. Dist. LEXIS 197441, at *13 (S.D. Ohio Mar. 11, 2015) ("Judges of the Knox County Common Pleas Court sued in their official capacities are arms of the state entitled to Eleventh Amendment immunity."). The Court has already found the claims against the individual State

8

Defendants' employers, the OODC and the Supreme Court of Ohio, are barred by the Eleventh Amendment. Thus, the claims against the Individual State Defendants in their official capacities for damages are **DISMISSED**.

Finally, there remains Plaintiff's claims for prospective injunctive relief against the Individual State Defendants.[5] These claims involve allegations that the Individual State Defendants are committing ongoing violations of both federal and state law. For example, the Amended Complaint alleges that Chief Justice O'Connor is refusing "to perform her duties and enforce state and federal laws." (Am. Compl. ¶ 59; *see also id.* ¶ 59 ("[Chief Justice Maureen] O'Connor is committing manifest abuse of discretion by refusing to perform her duties and enforce Ohio and [f]ederal laws.")) To the extent Plaintiff asks for injunctive relief for violations of state law, the individual State Defendants have Eleventh Amendment immunity. *See Penhurst*, 465 U.S. at 106. These claims are **DISMISSED**. To the extent Plaintiff asks for prospective injunctive relief for violations of federal law, however, her claims survive. *Ex Parte Young*, 209 U.S. at 60.

In sum, the following claims are dismissed because the Court lacks subject-matter-jurisdiction: all claims that request interference with a state court judgment, all claims against the State of Ohio, the OODC, and the Supreme Court of Ohio and all claims against the Individual State Defendants in their official capacities for damages and for prospective injunctive relief arising out of violations of state law. There remain claims against the Individual State Defendants for prospective relief for ongoing violations of federal law and claims against Assistant Counsel Stone and Chief Justice O'Connor in their personal capacities for money damages.

## IV.

---

[5] Plaintiff alleges the Individual State Defendants take actions in their official capacities such as restoring Plaintiff's ability to write on public websites and social media accounts. (Am. Compl. ¶ 701.) Thus, the Court construes the claims against the Individual State Defendants for injunctive relief as in their official capacities only.

Federal Rule of Civil Procedure 12 authorizes dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, the Court must read Rule 12(b)(6) in conjunction with Rule Procedure 8(a), requiring a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that courts must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. As such, while a plaintiff is not required to set forth detailed factual allegations at the pleading stage, a complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *See id.* at 679; Fed. R. Civ. P. 8(a).

Moreover, courts are called to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th

10

Cir. 2004)). However, such "lenient treatment has limits" and courts "should not have to guess at the nature of the claim asserted . . . ." *Id.* at 977 (internal quotations omitted).

## V.

The State Defendants move to dismiss the claims against them for the following reasons:[6] (1) Chief Justice O'Connor is entitled to absolute judicial immunity; (2) Assistant Counsel Stone is entitled to quasi-judicial immunity; and (3) Plaintiff has failed to state a claim for any remaining claims. (*See* Defs.' Mot. Dismiss at 7–12.)

### 1. Absolute Judicial Immunity

The State Defendants argue that Chief Justice O'Connor has absolute judicial immunity. (Defs.' Mot. Dismiss at 16.) Plaintiff argues that "[j]udges can be sued in their judicial capacity." (Pl.'s Resp. at 8, 10.) "As early as 1872, the [Supreme] Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkmam*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fischer*, 80 U.S. 335, 346 (1871)). Thus, judges cannot be held liable to civil actions for their judicial acts. *Id.* "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (citing *Bradley*, 80 U.S. at 351). Absolute judicial immunity applies when judges are sued for money damages. *See Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997).

Here, each action Chief Justice O'Connor took was with jurisdiction and a judicial act. Plaintiff alleges, among other things, that Chief Justice O'Connor abused her discretion, refused

---

[6] The Court has omitted the State Defendants' alternative arguments for dismissal of claims against the Supreme Court of Ohio and OODC as all claims against these entities have already been dismissed. *See infra* Section III.

11

to follow local and federal rules of procedure, conspired with other members of the court, and violated her civil rights, all of which occurred during the *Thornsbery* trial. None of the actions allegedly taken were in absence of jurisdiction. While Plaintiff may disagree with the actions Chief Justice O'Connor took, they were all taken in the course of her duties as the Chief Justice of the Ohio Supreme Court and thus, Chief Justice O'Connor is entitled to absolute immunity for all claims against her in her personal capacity for damages. All such claims are **DISMISSED**.

### 2. Quasi-Judicial Immunity

The State Defendants allege Assistant Counsel Stone is entitled to quasi-judicial immunity for the claims against her in her individual capacity for damages. (Mot. Dismiss at 8–9.) Plaintiff does not respond to this argument in her response. As such, Plaintiff waives opposition to dismissal. *Conrad v. Bank Nat'l Ass'n*, 391 F. Supp. 3d 780, 791–92 (S.D. Ohio June 19, 2019) ("[The plaintiff] does not refute [the defendant's] characterization of [the claim], nor does [the plaintiff] respond in any way to [the defendant's] argument that this claim should be dismissed. Thus, [the plaintiff] appears to concede this point and waives opposition to dismissal of this claim."); *see also Woods v. U.S. Bank Nat'l Ass'n*, No. 517CV2234, 2019 U.S. Dist. LEXIS 44901, at *6–7 (N.D. Ohio Mar. 19, 2019) ("A party waives opposition to an argument by failing to address it in her responsive brief . . . the [c]ourt is not required to consider the[] merits and may grant judgment in [the moving party's] favor."); *Ohio Star Transp., LLC v. Roadway Express, Inc.*, No. 2:09-cv-261, 2010 U.S. Dist. LEXIS 95764, at *10 (S.D. Ohio Sept. 14, 2010) ("[The defendant] raises this argument, but [the plaintiff] does not respond, thereby waiving its ability to challenge the argument and effectively conceding the point."). Even if Plaintiff had opposed dismissal on this ground, the State Defendants' argument is well-taken.

Courts use a functional approach to determine when judicial officers are entitled to quasi-judicial immunity. *Forrester v. White*, 484 U.S. 219, 224 (1988). Under this functional approach, courts "examine the nature of the functions with which a particular official, [] has been lawfully entrusted, and [they] seek to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Id.* Quasi-judicial immunity only extends to defendants sued in their individual capacities. *See id.*; *Alkire v. Irving*, 330 F. 3d 802, 810–111 (6th Cir. 2003). This Court has previously applied quasi-judicial immunity to disciplinary counsel defendants for acts taken in their official roles. *See Novel v. Zapor*, No. 2:14-cv-264, 2015 U.S. Dist. LEXIS 197441, at *19 (S.D. Ohio Mar. 11, 2015).

Plaintiff's claims relate to Assistant Counsel Stone role as a quasi-judicial actor. Plaintiff's allegations involve Assistant Counsel Stone's decision not to investigate and discipline individuals which Plaintiff sought to have investigated and disciplined. These are quasi-judicial acts and thus, claims against Assistant Counsel Stone in her individual capacity are **DISMISSED**.

### 3. Failure to State a Claim for the Remaining Claims

The only claims that remain are claims against Chief Justice O'Connor and Assistant Counsel Stone in their official capacities for an injunction against ongoing violations of federal law. The State Defendants allege these claims are barred because Plaintiff has failed to state a claim by alleging sufficient facts to make out a claim for relief. (Def.'s Mot. Dismiss at 10–11.) The State Defendants make specific arguments with respect to dismissal of all claims against them for conspiracy, discrimination, and § 1983. (*See id.*) In response, Plaintiff repeats many of the allegations already stated in the Amended Complaint.

First, the State Defendants contend Plaintiff failed to state a claim for conspiracy because the only allegation she makes with respect to this claim is that "all Defendants conspired against

13

[her] to violate her Constitutional rights . . . " (Am. Compl. ¶ 211.) Importantly, "[c]onspiracy claims must be pled with some degree of specificity." *BPNC, Inc. v. Estep*, No. 3:02CV7620, 2004 U.S. Dist. LEXIS 10738, at *13 (N.D. Ohio May 10, 2004) (citing *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003)). "Vague and conclusory allegations unsupported by material facts are not sufficient." *Id.* (citing *Spadafore*, 330 F.3d at 854). Plaintiff in this case has provided only a vague allegation of a conspiracy without any supporting facts. As such, all claims relating to the alleged conspiracy are **DISMISSED**.

Next, the State Defendants seek dismissal of all claims relating to discrimination or retaliation as Plaintiff has not alleged any supporting facts for these claims. (Defs.' Mot. Dismiss at 11.) The Court agrees. Plaintiff does not allege any coercion, intimidation, threatening, interference, or treatment different than those of a different sex or disability and thus, has not made out a claim for discrimination or retaliation. *See Ignatenkov v. United States Foodservice, Inc.*, No. 1:11-cv-232, 2012 U.S. Dist. LEXIS 99553, at *13 (S.D. Ohio July 18, 2012) (putting forth the elements for discrimination). All such claims are **DISMISSED**.

Finally, the State Defendants ask for dismissal of the § 1983 claims for malicious prosecution and abuse of process. To state a claim for abuse of process a plaintiff must allege the following: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999) (quoting *Yaklevich v. Kemp Schaeffer & Rose Co.*, 626 N.E.2d 115, 116 (Ohio 1994)). To prevail on a claim for malicious prosecution, a plaintiff must allege: "(1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was no probable cause for the criminal prosecution;

14

(3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial request; and (4) the criminal proceeding was resolved in the plaintiff's favor." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). Plaintiff has not alleged facts to make out either of these claims. Plaintiff has not alleged that any legal proceeding or prosecution has been initiated against her. These claims are **DISMISSED**.

In sum, the State Defendants have shown that all claims against them should be **DISMISISED**.[7] Plaintiff's Response asks the Court to allow Plaintiff to file a second amended Complaint in the alternative to denying the Motion to dismiss. (*See* Pl.'s Resp. at 25, ECF No. 33.) Plaintiff does not indicate, however, what amendment/s she would like to make. (*See id.*) The Court cannot evaluate the propriety of an amendment under Federal Rule of Civil Procedure 15 without knowledge of the amendment Plaintiff seeks to make. Thus, the Motion to amend is **DENIED**.

## VI.

The motion to dismiss (ECF No. 30) is **GRANTED**. The Clerk is **DIRECTED** to terminate the State of Ohio, the Ohio Office of Disciplinary Counsel, the Supreme Court of Ohio, Chief Justice of Ohio Maureen O'Connor, and Assistant Counsel Amy Stone from this lawsuit.

**IT IS SO ORDERED.**

| | |
|---|---|
| **8/3/2020** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |

---

[7] Of the forty-four claims in the Amended Complaint, there are just three claims, from what the Court can discern, that could possibly not have been addressed by the State Defendant's arguments. These are the claims for violations of the Supremacy Clause, 18 U.S.C. § 242, and 28 U.S.C. § 453. (*See* Am. Compl. ¶¶ 240–41, 296–311, 371–75.) It is appropriate, however, to dismiss these claims as well for there is no private right of action allowing suit under these laws. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (holding 18 U.S.C. § 242 does not create a cause of action); *Chute v. Odom*, No. 3:12-0607, 2013 WL 4588095, at *3 (M.D. Tenn. Aug. 28, 2013) (holding 28 U.S.C. § 453 does not create a cause of action); *Armstrong v. Exceptional Child Ctr. Inc.*, 575 U.S. 320, 324 (2015) (holding the Supremacy Clause does not create a cause of action).