## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SUSAN LLOYD,**

    **Plaintiff,**

  v.

**THOMAS POKORNY,** *et. al.*,

    **Defendants.**

Case No. 2:20-cv-2928
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION & ORDER

The matter before the Court is Plaintiff Susan Lloyd's ("Plaintiff") objection to the Magistrate Judge's August 25, 2020, Order (ECF No. 76). For the reasons stated herein, the motion (ECF No. 76) is **DENIED**.

### I.

Plaintiff filed this action on September 23, 2019 in the Eastern District of Pennsylvania. (*See* Compl., ECF No.1.) On June 5, 2020, the case was transferred to this Court. (*See* ECF No. 45.) Numerous Federal Rule of Civil Procedure 12(b) motions have come before the Court, some of which the Court has ruled on and some of which remain pending. (*See* ECF Nos. 29, 30, 47, 66.) On August 25, 2020 Magistrate Judge Vascura ruled on three of Plaintiff's motions related to the Rule 12(b)(6) motions. (*See* Op. & Order, ECF No. 73.)

First, the Magistrate Judge denied as moot Plaintiff's Motion to Reserve the Court's Orders of August 3, 2020 (ECF No. 70) because she had not received them in the mail. (*Id.*) The Magistrate Judge noted Plaintiff had already contacted the Clerk's office and they had agreed to re-mail the orders, so the motion was moot. (*Id.*) Second, the Magistrate Judge denied Plaintiff's Motion to Strike Defendant Joshua Thornsbery's Motion to Dismiss (ECF No. 71) for failure to

serve because Plaintiff had obtained the motion by other means. (*Id.*) The Magistrate Judge also denied as moot her request for an extension of time to respond to the motion because the Court had already *sua sponte* granted Plaintiff an extension. (*Id.*) Finally, the Magistrate Judge denied Plaintiff's Motion to Strike for failure to serve (ECF No. 72) as it was duplicative of another motion (ECF No. 71). (*Id.*)

## II.

Plaintiff argues the Magistrate Judge's Order should be reversed because: (1) Defendant Thornsbery did not serve Plaintiff with his motion to dismiss; and (2) the Order was subsequent to her notice of appeal and thus, the Court did not have jurisdiction.

[I]f a motion is nondispositive, a magistrate judge, without the consent of the parties, has the power to enter orders which do not dispose of the case." *Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (citing Fed. R. Civ. Pro. 72). "The district court can reconsider a magistrate judge's nondispositive order 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Id.* (citing 28 U.S.C. § 636(b)(1)(A)).

First, the Magistrate Judge's decision to deny Plaintiff's Motions to Strike Defendant Thornberry's Motion to Dismiss for failure to serve was not clearly erroneous or contrary to law. As the Magistrate Judge noted, Plaintiff had received a copy of Defendant's Motion to Dismiss and therefore had actual knowledge of such motion and was given additional time to respond to the motion. Thus, the Magistrate Judge correctly denied the motion to strike. *See McKinnie v. Roadway Express, Inc.*, 341 F.3d 554. 558-59 (6th Cir. 2003) (finding a grant of summary judgment appropriate because while the plaintiffs were not properly served in conformity with Rule 5, they had actual knowledge of the filing of the motion).

Second, the Magistrate Judge's order did not occur after Plaintiff filed an appeal. As discussed in the Court's Order on August 31, 2020, the matters Plaintiff sought to appeal were not final orders or interlocutory orders over which the Court of Appeals had jurisdiction as a matter of course. *See* 28 U.S.C. §§ 1291-92; Fed. R. Civ. P. 54(b). The Court, therefore, construed Plaintiff's filing as a motion to certify the order for an interlocutory appeal, which the Court denied. Thus, Plaintiff's contention that the Magistrate acted without jurisdiction because the case was on appeal is incorrect.

In sum, the Magistrate's August 25, 2020 Order was not clearly erroneous or contrary to law.

### III.

For the reasons stated herein, Plaintiff's objection to the Magistrate Judge's August 25, 2020 Order (ECF No. 76) is **OVERRULED.**

**IT IS SO ORDERED.**

**9/2/2020**　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**