# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

SUSAN LLOYD,

        **Plaintiff,**

    **v.**

THOMAS POKORNY, *et. al.*,

        **Defendants.**

Case No. 2:20-cv-2928

JUDGE EDMUND A. SARGUS, JR.

Magistrate Judge Chelsey M. Vascura

## <u>OPINION AND ORDER</u>

The matter before the Court is Defendants' David Perduk, Perduk & Associates, Lindsay Molnar, and Michael Szabo (collectively "the moving Defendants"), proceeding pro se, Motion to Dismiss (ECF No. 47). Plaintiff Susan Lloyd ("Plaintiff"), also proceeding pro se, has responded (ECF No. 58). The time to file a reply has passed and the moving Defendants have not filed one. For the reasons stated herein, the moving Defendants' Motion to Dismiss (ECF No. 47) is **GRANTED.**

## I.

Plaintiff filed this action on September 23, 2019 in the Eastern District of Pennsylvania. (*See* Compl., ECF No. 1.) On June 5, 2020, the case was transferred to this Court. (*See* ECF No. 45.) Plaintiff sued the following Defendants: Portage County Judge Thomas Pokorny, Chief Justice of the Ohio Supreme Court Maureen O'Connor, the Supreme Court of Ohio, Scott Drexel, Amy Stone, the Ohio Office of the Disciplinary Counsel, Jason Whitacre, Scott Flynn, Flynn, Keith, and Flynn, LLC, Lindsay Molnar, David Perduk, Perduk and Associates Co., LLC, Chris Meduri, the State of Ohio, Portage County, Portage Courthouse, Clerk of Courts Jill Fankhauser, Tory Reeves, Court Reporter Toni DiNardo, Joshua Thornsbery and Michael Szabo (collectively

"Defendants").  (*See id.*)  Plaintiff sued the individual defendants both in their official and personal

capacities.  Plaintiff's Complaint was 129 pages.  (*See id.*)  On December 11, 2019, in response to

extensive Federal Rule of Civil Procedure 12 briefing by several Defendants, Plaintiff amended

her Complaint.  (*See* Am. Compl., ECF No. 23.)  The Amended Complaint is 155 pages.  (*See id.*)

Plaintiff's Amended Complaint includes 44 causes of action all related to a civil case filed

in Portage County, Ohio, *Lloyd v. Thornsbery, et al.*, No. 2016CV00230 (the "*Thornsbery* case.")

(*See id.*)  In the *Thornsbery* case Plaintiff sued a former neighbor and others who allegedly

harassed her.  (*Id.* ¶ 27.)  The defendants ultimately prevailed, and Plaintiff's appeal is pending in

the Ohio Eleventh District Court of Appeals.[1]

The allegations include violations of the United States Constitution, violations of Ohio and

federal statutes, common law claims of abuse of process and malicious prosecution, violations of

the appellate "abuse of discretion" standard of review, violations of Ohio's Sunshine laws,

violations of various Federal Rules of Civil Procedure, Ohio Local Rules of Civil Procedure, Ohio

Rules of Professional Conduct, and Ohio Rules of Superintendence of Ohio Courts, violations of

the Fair Debt Collections Practices Act and Federal Trade Commission Debt Collection Practices,

and discrimination based on sex and disability.  (*Id.* ¶ 4.)

Specifically, with regards to the moving Defendants, Plaintiff alleges the following.

Plaintiff alleges that Mr. Perduk, Perduk & Associates, and Ms. Molnar are all attorneys who

represented Mr. Szabo in the *Thornsbery* case.  (*Id.* ¶ 35.)  Plaintiff states these attorneys aided

their clients in criminal activity and encouraged their clients to stalk, harass, and threaten Plaintiff.

(*Id.* ¶¶ 35, 45, 227.)  Additionally, Plaintiff alleges these attorneys tainted the *Thornsbery* case's

---

[1] The Court may take judicial notice of the existence of prior judicial proceedings.  *Ascentium Capital, LLC v. Cent. USA Wireless, LLC*, No. 1:17-cv-744, 2018 U.S. Dist. LEXIS 161510, at *7 (S.D. Ohio Sept. 21, 2018).  The status of Plaintiff's appeal of the *Thornsbery* case can be found at https://services.portageco.com/eservices/home.page.2.

jury. (*Id.*) Plaintiff further contends Ms. Molnar is not allowed to practice law in Ohio, but did so, discriminated against Plaintiff, conspired against Plaintiff and tried to extort Plaintiff. (*See id.* ¶¶ 229–37.) Additionally, Plaintiff claims the moving Defendants maliciously prosecuted her, retaliated against her, violated the Supremacy clause, engaged in racketeering, violated rules of Ohio and Federal procedure, violated the Ohio Rules of Professional Conduct, and engaged in bribery. (*Id.* ¶¶ 290, 293, 296, 312, 439, 518, 684, 688.)

Plaintiff's Amended Complaint asks for relief which can be divided into three categories. First, Plaintiff asks for relief relating to the *Thornsbery* case and other state court actions including: providing Plaintiff a new trial with a new judge, amending Judge Pokorny's orders, dismissing the sanctions against Plaintiff ordered in the *Thornsbery* case, dismissal of the determination that Plaintiff is a vexatious litigator made in the *Thornsbery* case, Judge Pokorny's recusal from the *Thornsbery* case and "every other case in Ohio," reevaluation of Plaintiff's previously dismissed state court complaints, and transfer of the *Thornsbery* case out of Portage County, Ohio. (*See id.* ¶¶ 691–97.) Second, Plaintiff asks for the following injunctive relief: reevaluation of the criminal activity Plaintiff previously complained about, a public apology, restoration of Plaintiff's ability to post on Portage County and Ohio websites and social media, training for Ohio officials on the use of service dogs, prohibition of Defendants from violating other individuals' civil rights, disbarment of Defendants Jason Whitacre, Scott Flynn, Lindsay Molnar, David Perduk, Amy Stone, Chief Justice Maureen O'Connor, Judge Pokorny, and Troy Reeves, removal of Court Reporter DiNardo's court reporter license, and prosecution of Michael Szabo and Joshua Thornsbery for crimes including drug use and violence. (*See id.* ¶¶ 698–99, 701–03, 706–08.) Finally, Plaintiff asks for monetary relief including: $100,000 in actual and punitive damages, a fine imposed for violation of Plaintiff's civil rights, expenses for Plaintiff's relocation out of

Portage County, and compensation from Mr. Szabo and Mr. Thornsbery for Plaintiff's financial loss as a result of Defendants' criminal behavior. (*See id.* ¶¶ 700, 704–05, 708.)

The moving Defendants ask the Court to dismiss the claims against them for failure to state a claim upon which relief may be granted.[2] (Defs.' Mot. Dismiss, ECF No. 47.)

## II.

Federal Rule of Civil Procedure 12 authorizes dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, the Court must read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that courts must accept a complaint's allegations as true is inapplicable to threadbare recitals

---

[2] This motion was filed prior to the transfer of the case to this Court. The moving Defendants also moved for dismissal arguing the Eastern District of Pennsylvania lacked personal jurisdiction over them and was the incorrect venue. (Mot. Dismiss at 5–7, 9.) These arguments are now moot due to the transfer of the case. Similarly, Plaintiff's response asks the Court to transfer the case to the Southern District of Ohio. (*See* Pl.'s Resp. at 1.) This request is also moot.

of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. As such, while a plaintiff is not required to set forth detailed factual allegations at the pleading stage, a complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *See id.* at 679; Fed. R. Civ. P. 8(a).

Moreover, courts are called to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, such "lenient treatment has limits" and courts "should not have to guess at the nature of the claim asserted . . . ." *Id.* at 977 (internal quotations omitted).

## III.

The moving Defendants ask the Court to dismiss the claims against them arguing Plaintiff's claims fail the 12(b)(6) standard for sufficiency of the pleading, Plaintiff's claims are barred by res judicata and estoppel, and Plaintiff's claims fail to comply with the requirements of Rule 8. (*See* Defs.' Mot. Dismiss at 6–10.) As explained below, all of the claims against the moving Defendants fail to state a claim upon which relief can be granted.

The moving Defendants argue "Plaintiff fails to provide supporting allegations for her claims for relief." (*Id.* at 6.) Specifically, the moving Defendants state that Plaintiff "outlined numerous causes of action but [sic] provide[d] no specific examples or instances where any of [] Defendants took action that constituted actions that entitle [sic] [Plaintiff] to relief." (*Id.* at 7.) Plaintiff responds that she "has stated claims which entitle her to relief" and then largely describes the same allegations as in the Amended Complaint. (*See* Pl.'s Resp. at 9–24.) Plaintiff also argues that because the moving Defendants did not ask for a more definite statement, they must

5

understand why they are being sued. (*Id.* at 11.) The moving Defendants' arguments are well-taken. The Court will examine each claim against the moving Defendants.

### 1. 18 U.S.C. §§ 241, 242, Ohio Revised Code § 2921, The Supremacy Clause, and The Ohio Rules of Professional Conduct

First, there are a series of claims against the moving Defendants under which there are no private rights of action, and thus, Plaintiff has not stated a claim for relief. These include Plaintiff's claims under 18 U.S.C. §§ 241, 242, Ohio Revised Code § 2921, the Supremacy Clause, and the Ohio Rules of Professional Conduct. *See United States v. Oguaju*, 76 F. App'x 579, 580 (6th Cir. 2003) (dismissing claims brought under 18 U.S.C. §§ 241, 242 because these statutes do not provide a private right of action); *Boddie v. Landers*, No. 15AP-962, 2016 Ohio App. LEXIS 1274, at *10 (Ohio Ct. App. Mar. 31, 2016) (noting that Ohio law does not recognize a private right of action under § 2921); *Armstrong v. Exceptional Child Ctr. Inc.*, 575 U.S. 320, 324 (2015) (holding the Supremacy Clause does not create a cause of action); *Kafele v. Frank & Woodridge Co.*, 108 F. App'x 307, 309 (6th Cir. 2004) (finding a district court correctly dismissed a claim brought under the Ohio Rules of Professional Conduct because "such code does not, in itself, create a private cause of action." (citation omitted)). These claims, therefore, are **DISMISSED**.

### 2. 42 U.S.C. §§ 1983, 1985

Next, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983 because this statute requires the defendant to be a "state actor." *See Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Plaintiff has not alleged that any of the moving Defendants are state actors and instead alleges they are private attorneys, a law firm, and an individual. Thus, the claims under section 1983 are **DISMISSED**.

Plaintiff also fails to state a claim for a conspiracy under 42 U.S.C. § 1985. For this claim the Amended Complaint "must be pled with some degree of specificity . . . vague and conclusory

allegations unsupported by materials facts will not be sufficient to state such a claim." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003)). Plaintiff has provided only a vague allegation of a conspiracy without any supporting facts. This claim is **DISMISSED**.

### 3. Abuse of Process & Malicious Prosecution

Plaintiff also brings claims for abuse of process and malicious prosecution. To state a claim for abuse of process a plaintiff must allege: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999) (quoting *Yaklevich v. Kemp Schaeffer & Rose Co.*, 626 N.E.2d 115, 116 (Ohio 1994)). To prevail on a claim for malicious prosecution, a plaintiff must allege: "(1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial request; and (4) the criminal proceeding was resolved in the plaintiff's favor." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). Plaintiff has not alleged sufficient facts to make out either of these claims. For example, Plaintiff has not alleged that any legal proceeding or prosecution has been initiated against her. These claims are **DISMISSED**.

### 4. Harassment & Discrimination

Plaintiff alleges claims for harassment and discrimination based on her sex and disability. Plaintiff, however, does not allege any coercion, intimidation, threatening, interference, or treatment different than those of a *different* sex or those without a disability and thus, has not made

out a claim for discrimination or retaliation. *See Ignatenkov v. United States Foodservice, Inc.*, No. 1:11-cv-232, 2012 U.S. Dist. LEXIS 99553, at \*13 (S.D. Ohio July 18, 2012) (putting forth the elements for discrimination and retaliation); *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 813 (6th Cir. 2013) (putting forth the elements for harassment). These claims are **DISMISSED**.

### 5. Racketeering

Plaintiff asserts the moving Defendants committed racketeering by trying to extort money from her. To establish a claim for racketeering a "plaintiff [] must plead sufficient facts to establish the existence of a 'pattern' of racketeering activity." *Venmco, Inc. v. Camardella*, 23 F.3d 129, 133 (6th Cir. 1994). "A pattern requires at least two 'predicate acts' of racketeering activity within ten years of each other." *Id.* (citing *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989)). Here, Plaintiff vaguely asserts that the moving Defendants have been trying to extort money from her for years but does not allege any specific predicate acts which could lead to the finding of a pattern of activity and establish racketeering. This claim is **DISMISSED**.

### 6. 42 U.S.C. § 12203

Plaintiff asserts the moving Defendants violated 42 U.S.C. § 12203, which prohibits retaliation and coercion based on protected conduct, because they aided and abetted Judge Pokorny in threatening to sanction Plaintiff during her state trial. Plaintiff provides no allegations as to what the moving Defendants did to aid and abet Judge Pokorny. Plaintiff has provided insufficient information to make out a claim under this statute. *Iqbal*, 556 U.S. at 679 (a recitation of facts intimating the "mere possibility of misconduct" will not suffice"). This claim is **DISMISSED**.

### 7. Federal Rules of Civil Procedure, Portage County Local Rules, & Motions in Limine

Plaintiff asserts the moving Defendants violated different rules of procedure such as the Federal Rules of Civil Procedure, the Portage County Local Rules, and common law rules on

motions in limine during the *Thornsbery* trial. Importantly, this Court does not have subject-matter jurisdiction to disturb a state court judgment. *See Caddell v. Campbell*, No. 1:19-cv-91, 2020 U.S. Dist. LEXIS 24315, at *11 (S.D. Ohio Feb. 12, 2020) ("The *Rooker-Feldman* doctrine states that district courts lack subject-matter jurisdiction over challenges to state court determinations."); *see also Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) ("Federal district courts do not stand as appellate courts for decisions of state courts."). Thus, to the extent Plaintiff asks for relief from these violations in the form of affecting the state court judgment, her claims are **DISMISSED**.

Additionally, to the extent Plaintiff asks for any other form of relief she has not stated a claim upon which relief could be granted. First, Plaintiff does not indicate any cause of action under which she can sue for a violation of these rules of procedure. Even if Plaintiff had, she has not alleged sufficient facts such that the Court could find these rules were actually violated. For example, Plaintiff claims Defendants violated the Federal Rules of Civil Procedure relating to discovery by denying the discovery she asked for. Plaintiff does not indicate specifically what she asked for, who she asked, who denied it, or under what specific federal rule of civil procedure she believes she was entitled to the information. Plaintiff's broad claims under these procedural rules do not state a claim for relief even when construed liberally. These claims are **DISMISSED**.

### 8. Fraud on the Court

Plaintiff also sues the moving Defendants for fraud on the court and asserts that the fraud made the court orders and judgments in the *Thornsbery* case void. First, it is unclear what Plaintiff believes the moving Defendants did that would constitute fraud on the Court. Plaintiff has not plead factual content which could allow the Court to draw an inference that the moving Defendants are liable for fraud on the court. *Ashcroft*, 556 U.S. at 678. Additionally, "[t]he federal courts will not entertain a collateral attack on a state judgment on the basis of 'fraud on the court' in an action

for damages." *LaMie v. Wright*, No. 1:12-cv-1299, 2014 U.S. Dist. LEXIS 59322, at *32 (W.D. Mich. Mar. 14, 2014).    This is because district courts lack subject-matter jurisdiction over challenges to state court determinations.  *Caddell*, 2020 U.S. Dist. LEXIS 24315 at *11; *see also Hall*, 727 F.3d at 453 ("Federal district courts do not stand as appellate courts for decisions of state courts.").  Thus, for both lack of jurisdiction and failure to state a claim, the fraud claim is **DISMISSED**.

### 9.   Ohio Revised Code §§ 23123.51, 2323.52

Plaintiff sues the moving Defendants under Ohio Revised Code §§ 2323.51 and 2323.52 arguing that Defendants have abused these statutes and as a result she has been named a vexatious litigator.  This claim cannot stand for several reasons.  First, these statutes are intended to be used by a litigant seeking attorney's fees when an opponent has acted frivolously.  *See Turner v. Lerner, Sampson & Rothfuss*, 776 F.2d 498, 510 (N.D. Ohio 2011).  In contrast, Plaintiff is attempting to invoke these statutes to argue she did not act frivolously as Defendants' contend, she did.  Second, and more importantly, even if Plaintiff could invoke these statutes in the way she is attempting to, "the '[r]elief under [Ohio Revised Code § 2323.51] is obtained by filing a motion in a pending case,' and not in a later separate civil action."  *Id.* (quoting *Gevedon v. Gevedon*, 855 N.E.2d 548, 553 (Ohio Ct. App. 2006)); *see also Roo v. Sain*, No. 04AP-881, 2005 Ohio App. LEXIS 2320, at *17 (Ohio Ct. App. May 19, 2005).  "In that regard, Section 2323.51 is quite similar to Federal Rule of Civil Procedure 11, which itself does not create a separate cause of action, but rather, creates a means of punishing misconduct in a pending action."  *Id.* (citing *see Sawyer v. Sinkey*, 610 N.E.2d 1219, 1223 (Ohio Ct. App. 1992)).  Thus, Plaintiff is attempting to improperly use these statutes in this case and therefore any claims brought under these statutes in this Court are **DISMISSED**.

### 10. Gangstalking

Plaintiff also sues for "gangstalking" and asserts it is a federal crime. Plaintiff does not, however, identify a statute defining such conduct or making it a crime. Plaintiff also fails to plead factual content to allow the Court to infer the moving Defendants engaged in such conduct. Further, even if there did exist such a statute and Plaintiff had plead factual content to allow the Court to infer the moving Defendants could be held liable, Plaintiff is unlikely to have a private right of action to sue for such a crime. "The violation of a federal criminal statute rarely allows for a private civil cause of action." *Hopson v. Commonwealth Att'y's Office*, No. 3:12CV-744, 2013 U.S. Dist. LEXIS 49991, at *10 (W.D. Ky Apr. 8, 2013) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)); *see also Am. Postal Workers Union, AFL-CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1972) (noting that "the general rule is that a private right of action is not maintainable under a criminal statute"). Thus, this claim is **DISMISSED**.

### 11. Fair Debt Collection Practices Act

Plaintiff asserts Defendants violated the Fair Debt Collection Practices Act ("FDCPA") when they tried to collect money from her. "Preliminarily, for [] Defendants to be liable under the FDCPA, they must fall within the FDCPA's definition of a 'debt collector.'" *Delawder v. Platinum Fin. Servs. Corp.*, 443 F. Supp. 2d 942, 946 (S.D. Ohio Mar. 1, 2005). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). Plaintiff has not asserted any allegations that could allow the Court to infer any of the moving Defendants are in the business of collecting debts

within the FDCPA's definition.  Thus, Plaintiff has not stated a claim upon which relief may be granted under the FDCPA.  This claim is **DISMISSED**.

### 12. Bribery

Finally, Plaintiff sues the moving Defendants for bribery asserting they attempted to bribe her into dropping this lawsuit.  Plaintiff does not indicate a statute or common law cause of action under which she seeks to bring this claim or whether it is a state or federal claim.  Under Ohio law bribery involves corrupting, soliciting, or influencing a public official.  *See* Ohio Rev. Code § 2921.02.  Similarly, under federal law bribery involves a "public official," a "person who has been selected to be a public official," or an "official act."  *See* 18 U.S.C. § 201.  Plaintiff has not plead any of the moving Defendants are public officials, have been selected to be public officials, or have engaged in an official act.  Instead, Plaintiff alleges they are private attorneys and parties who participated in the *Thornsbery* case.  Thus, Plaintiff has not plead facts to state a claim for bribery under state or federal law.  Plaintiff's bribery claim is **DISMISSED**.

### 13. Conclusion

In sum, Plaintiff has failed to state a claim upon which relief can be granted for each of her claims against the moving Defendants.  Plaintiff's argument that the moving Defendants' motion to dismiss should not be granted because they did not ask for a more definite statement is without merit.  A motion for a more definite statement "is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed."  *Sky Techs. Partners, LLC v. Midwest Rsch. Inst.*, 125 F. Supp. 2d 286, 298 (S.D. Ohio 2000).  "In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions [for a more definite statement] are not favored by courts."  *Streets v. Putnam, Inc.*, No.2:13-cv-0803, 2013 U.S. Dist. LEXIS 170987, at *3 (S.D. Ohio Dec. 4, 2013).  Importantly, Federal Rule

of Civil Procedure 12(e) provides that "[a] party *may* move for a motion for a more definite statement."  Fed. R. Civ. Pro. 12(e) (emphasis added).  Thus, the rule by its own language makes moving for a more definite statement optional as is moving to dismiss.  *See* Fed. R. Civ. Pro. 12(b) (stating "a party *may* assert the following defenses") (emphasis added).  The moving Defendants were not required to file a motion for a more definite statement, and thus their motion to dismiss will not be denied on this ground.  As explained above, all of Plaintiff's claims against the moving Defendants are **DISMISSED** for failure to state a claim upon which relief may be granted.

**IV.**

For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 47) is **GRANTED**. The Clerk is **DIRECTED** to terminate David Perduk, Perduk & Associates, Lindsay Molnar, and Michael Szabo from this lawsuit.

**IT IS SO ORDERED.**


**9/8/2020**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                        **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**