UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN LLOYD,

        **Plaintiff,**

  v.                                 Civil Action 2:20-cv-2928
                                         Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Chelsey M. Vascura

THOMAS POKORNY, *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

On January 11, 2021, the Court granted Plaintiff a final extension of time to properly serve Defendants Jason Whitacre, Scott Flynn, Flynn, Keith, and Flynn, LLC, and Troy Reeves, and ordered that Plaintiff file proof of such service on the docket by February 11, 2021.  (Order, ECF No. 94.)  In the Order, the Court also cautioned Plaintiff that failure to properly effect service on these four Defendants would result in the dismissal of Defendants Jason Whitacre, Scott Flynn, Flynn, Keith, and Flynn, LLC, and Troy Reeves from this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (*Id.* at 2.)  To date, Plaintiff has not filed the required proof of service on the docket.

Under the circumstances, the undersigned finds dismissal of Plaintiff's action appropriate pursuant to Rules 4(m) and 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an

adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff (1) failed to effect service of process on the Defendant during the time permitted by Federal Rule of Civil Procedure 4(m); and (2) failed to comply with the Court's show cause order. Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed these deadlines and disregarded the Court's order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service of process and pursuant

to Rule 41(b) for failure to prosecute.  It is further **RECOMMENDED** that Plaintiff be ordered to list 2:20-cv-2928 as a related case if she re-files this action.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE