UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN LLOYD,

    Plaintiff,

v.

THOMAS POKORNY, *et al.*,

    Defendants.

Case No. 2:20-cv-2928

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsea M. Vascura

**OPINION AND ORDER DENYING DEFENDANT JOSHUA THORNSBERY'S MOTION TO DISMISS (ECF NO. 66) & GRANTING INDIVIDUAL PORTAGE COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 69)**

Plaintiff Susan Lloyd filed a complaint alleging far-ranging state and federal law violations against the State of Ohio, Portage County, and private individuals and entities involved in her state civil suit against Defendant Joshua Thornsbery. Defendant Thornsbery, well as Defendants Judge Thomas Pokorny, Portage County Assistant Prosecutor Chris Meduri, Portage County Clerk of Courts Jill Fankhauser, and Portage County Court Reporter Toni DeNardo, filed motions under Federal Rule of Civil Procedure 12 seeking the dismissal Lloyd's claims. For the reasons that follow, Thornsbery's motion is denied and the individual Portage County Defendants' motion is granted.

**I.    Background**

Lloyd brings this case based on the events surrounding her civil lawsuit in state court in Portage County, Ohio for harassment against Defendant Joshua Thornsbery and other individuals. The case went to trial, and the defendants there ultimately prevailed. On January 29, 2021, the

1

Ohio court of appeals affirmed the trial court.[1] Lloyd has since filed an appeal to the Ohio Supreme Court.[2] For further background, interested readers should refer to this Court's previous opinion and order granting in part and denying in part the motion to dismiss filed by Defendants Portage County Ohio, Portage County Courthouse, Pokorny, Meduri, Fankhauser, and DiNardo (collectively "Portage County Defendants"). (ECF No. 64.)

This opinion led to the dismissal of the majority of Lloyd's claims against the Portage County Defendants. Defendants Portage County and Portage County Courthouse were dismissed from the case. (*Id.* at PageID #944, 949.) The Court determined that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine to adjudicate Lloyd's claims challenging state-court determinations and pursuant to the Eleventh Amendment to adjudicate her claims against the individual Portage County Defendants in their official capacities for damages. (*Id.* at PageID #942–46.) The rest of Lloyd's claims against the individual Portage County Defendants in their individual capacities for damages were also dismissed for a variety of reasons, such as judicial and quasi-judicial immunity, standing, and qualified immunity. (*Id.* at PageID #949–56.) The only remaining claims for the Portage County Defendants are those against the individual Portage County Defendants (Judge Pokorny, Meduri, Fankhauser, and DiNardo) in their official capacities seeking nonmonetary relief from ongoing violations of federal law. (*Id.* at PageID #957.) The Portage County Defendants' motion to dismiss those claims was denied without prejudice because neither side had specifically addressed them. (*Id.*)

Now, the Court considers two motions brought under Federal Rule of Civil Procedure 12. Defendant Thornsbery filed a motion to dismiss the claims against him for lack of personal

---

[1] https://services.portageco.com/eservices/home.page.7 (click "Click Here to Search Public Records"; search by case number for "2016CV00230"; scroll and select the matter with "Party/Company" as "LLOYD, SUSAN"; choose the "Docket" tab; then scroll to the bottom of the page to click on page "2").

[2] *Id.*

jurisdiction under Rule 12(b)(2). (ECF No. 66.) The remaining individual Portage County Defendants filed a motion for judgment on the pleadings under Rule 12(c), arguing that the claims seeking nonmonetary claims them should be dismissed. (ECF No. 69.)

## II. Analysis

### A. Defendant Thornsbery's Rule 12(b)(2) Motion

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to raise via motion a lack of personal jurisdiction as a defense to the claims against him. Fed. R. Civ. Pro. 12(b)(2). When a defendant files a motion to dismiss under Rule 12(b)(2), a plaintiff must "make a prima facie case" of personal jurisdiction, which can be accomplished by pointing to allegations in the complaint. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020). "The burden then shifts to the defendant, whose motion to dismiss must be properly supported with evidence," and ultimately shifts again to the plaintiff to provide evidence that the federal court has jurisdiction. *Id.* Even assuming the burden ever shifted to Lloyd despite Thornsbery's sparse motion, Lloyd has made a prima facie case that Thornsbery does not respond to, meaning he has not met his burden.

Thornsbery's motion is deficient. The Rule 12(b)(2) motion states in its entirety: "Pro-se defendant Joshua Thornsbery moves to this honorable Court to dismiss the Amended Complaint of Plaintiff Susan Lloyd for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)." (ECF No. 66 at PageID #973.) Local Rule 7.2(a)(1) requires that litigants provide a memorandum with legal authorities and argumentation to support their motions. S.D. Ohio Civ. R. 7.2(a)(1). Moreover, "'[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited]' and 'it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to flesh on its bones.'" *United States*

3

*v. Brown*, 819 F.3d 800, 829 (6th Cir. 2016) (quoting *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004)).

But if Thornsbery's motion were sufficient to trigger the Rule 12(b)(2) burden shifting, Lloyd satisfies her burden. She alleges in her amended complaint that at the time of the events underlying this case, Thornsbery resided in Ohio,[3] the seat of the relationship between Thornsbery and Lloyd occurred in Ohio, and the underlying state-court action took place in Ohio. This is sufficient to establish a prima facie case of personal jurisdiction because Thornsbery caused a consequence in Ohio via his interactions with Lloyd, satisfying purposeful available of the forum state, and he has a "substantial enough connection to the forum state to make the exercise of jurisdiction over the defendant reasonable." *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (quoting *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000)). And because Thornsbery offers no evidentiary support, he fails to satisfy his burden. Accordingly, his motion is denied.[4]

### B. Remaining Individual Portage County Defendants' Rule 12(c) Motion

The same standard for a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) applies to a motion for judgment on the pleadings under Rule 12(c). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,'" but pleadings cannot consist only of "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or

---

[3] Lloyd alleges that Thornsbery lived in Ohio (ECF No. 23 at ¶ 23), but Thornsbery now appears to live in Kentucky (ECF No. 66-1).

[4] Lloyd also argues that Thornsbery failed to file a certificate of service, serve his motion, or sign it in contravention of the Local Rules and Federal Rules of Civil Procedure. (ECF No. 80 at PageID #1281–82.) Though she is correct, these issues are mooted by the denial of Thornsbery's motion.

"'naked assertion[s] devoid of "further factual enhancement."'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). The "plaintiff must 'allege[ ] facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level."'" *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts must "construe the complaint in the light most favorable to the plaintiff and accept all [well-pleaded factual] allegations as true." *Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)).

The remaining individual Portage County Defendants argue that the outstanding claims against them in their official capacities seeking nonmonetary relief of ongoing violations of federal law must be dismissed. (ECF No. 69-1.) Defendants offer a variety of arguments based on the type of federal law Lloyd alleges they have violated. But the most appropriate analysis is also the simplest, which is to focus on the type of relief sought. This is so because the survival of these claims depends on the pursuit of prospective, nonmonetary relief under the *Ex Parte Young* doctrine, 209 U.S. 123 (1908). *In re Flint Water Cases*, 960 F.3d 303, 333–34 (6th Cir. 2020). The possible prospective injunctive relief Lloyd asks for is limited to the following: a public apology to Lloyd, for DiNardo to lose her court reporter license and the disbarment of Judge Pokorny, "her freedom of speech restored on any Portage County or State of Ohio official website or social media page," and an injunction prohibiting Defendants from "violating any other individual civil rights." (ECF No. 23 at ¶¶ 698, 701, 702, 705, 706.) For this reason, it unnecessary to address substantively many of Defendants' arguments, such as that claims premised on the

5

Federal Rules of Civil Procedure are incognizable, because no permissible type of relief under *Ex Parte Young* is attached to those claims. (*See* ECF No. 69-1 at PageID #1102.) Each type of relief sought and the attendant claims are addressed below.

First, an apology for past wrongs committed by the Defendants. Although this is nonmonetary relief, it is not prospective, or forward-looking, relief. *Kesterson v. Kent State Univ.*, 345 F. Supp. 3d 855, 886 (N.D. Ohio 2018), *reversed in part on other grounds*, 967 F.3d 519 (6th Cir. 2020). Nor is an apology cognizable relief. *Id.* (collecting cases holding that courts do not have the authority to order apologies).

Second, the loss of a professional license for DiNardo and Judge Pokorny based on their prior conduct. Again, this is not forward-looking relief; Lloyd is seeking vindication for past wrongs. Moreover, 42 U.S.C. § 1983 is not "a viable legal vehicle to seek an order by a state agency to revoke a" professional license. *Whitaker v. Hiland*, No. 5:09CV–P128–R, 2009 WL 3398719, at *2 (W.D. Ky. Oct. 21, 2009).

Next, restoration of her freedom of speech on municipal websites and social media. Defendants fail to address this type of relief in their motion. The Court construes this is as a request that Judge Pokorny stop "blocking her from talking about the case on social media or even referencing the case to anybody else without Pokorny['s] permission." (ECF No. 23 at ¶¶ 45, 701.) This is forward-looking injunctive relief. However, Lloyd's pleadings are conclusory and do not provide any facts that permit this Court to determine if she plausibly pleads a violation of the First Amendment. It is particularly unclear what Lloyd means by "blocking." Though one inference could be that Lloyd is referring to a gag order, that is a difficult inference to draw because she also includes Defendants "Whiteacre, Flynn Keith Flynn, and Flynn" in this claim. (ECF No. 23 at ¶ 45.) These former defendants are private attorneys and the law firm that employs them, and

counsel cannot issue gag orders. This indicates that "blocking," an activity Judge Pokorny and the private defendants engage in, does not refer to issuing a gag order.

Even if Judge Pokorny had issued a gag order, however, Lloyd still fails to state a claim. The Sixth Circuit has suggested that a gag order extending beyond trial and into an appeal "would trammel First Amendment values, and thus fail to pass Constitutional muster." *In re Memphis Pub. Co.*, 887 F.2d 646, 649 (6th Cir. 1989). Nevertheless, this Court lacks jurisdiction to hear such a claim because it is barred by the *Rooker-Feldman* doctrine in this procedural posture. *Marshall v. Bowles*, 92 F. App'x 283, 284 (6th Cir. 2004) ("A fair reading of the complaint reveals that Marshall's federal case is an impermissible appeal of state court judgments as it raises specific grievances regarding decisions of a Kentucky domestic relations court. Thus, the district court lacked jurisdiction over any challenge Marshall is making to the legal proceedings held in Judge Bowles's court."). Lloyd again challenges a state-court decision, which this Court lacks the jurisdiction to consider.

Finally, a broad injunction prohibiting violations of civil rights. Defendants urge this Court to conclude that an "obey-the-law" injunction is per se impermissible. (ECF No. 69-1 at PageID #1100.) Overbroad requests for injunctive relief are generally inappropriate. *Perez v. Ohio Bell Tele. Co.*, 655 F. App'x 404, 412 (6th Cir. 2016) (discussing *EEOC v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566 (6th Cir. 1984)). But typically, this is an issue that is not raised at the pleadings stage—though in this case, the nature of the injunctive relief sought implicates this Court's subject matter jurisdiction, considering the *Ex Parte Young* doctrine. When a federal court could craft a narrow injunction based on federal-law violations alleged, at least one court has done so despite a request for an obey-the-law injunction. *See Bazzy Invs. v. City of Dearborn*, No. 16-10879, 2018 WL 10962765, at *8 (E.D. Mich. Aug. 2, 2018) (discussing *Perez*). Therefore, the

7

Court proceeds to the merits of the ongoing constitutional violations that Lloyd alleges in her amended complaint.

In only three instances does Lloyd's complaint possibly allege ongoing violations of her constitutional rights.  First, she alleges that all defendants "continue to violate . . . multiple Federal . . . laws."  (ECF No. 23 at ¶ 27.)  This allegation is too cursory to state a claim.  Second, she alleges that Judge Pokorny continues to violate her First Amendment rights by "blocking" her communications about her trial.  (*Id.* at ¶ 45.)  But as discussed above, she fails to provide any additional factual allegations that would allow the Court to determine what actions Judge Pokorny is specifically taking, such as a gag order or a warning.  This is a mere assertion.  And finally, Lloyd alleges that Pokorny violates her right of access to the courts by sealing documents in her case.  (*Id.* at ¶ 266.)  But again, this is a cursory statement with no additional factual allegations, such as why the state court purported to seal the documents. Accordingly, Lloyd fails to state a claim based on her request for prospective injunctive relief.

Lloyd offers one responsive counterpoint in her response brief.  She contends that the remaining individual Portage County Defendants already had their chance via their Rule 12(b)(6) motion to raise these issues, but they did not.  (ECF No. 83 at PageID #1303.)  Lloyd ignores, however, that the Court denied the motion to dismiss *without prejudice* as to the claims examined here.  And a Rule 12(c) motion raising a failure to state a claim is permissible.  Fed. R. Civ. P. 12(h)(2)(B); *see* 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 12 (Westlaw February 2021 Update) (explaining that some courts permit successful Rule 12(b)(6) motions, despite Rule 12(g), because a defendant can simply file a Rule 12(c) motion).  There is no procedural bar to Defendants' Rule 12(c) motion.

### III.    Conclusion

For these reasons, Thornsbery's motion to dismiss under Rule 12(b)(2) (ECF No. 66) is **DISMISSED** and the individual Portage County Defendants' motion for judgment on the pleadings under Rule 12(c) (ECF No. 69) is **GRANTED.**

**IT IS SO ORDERED.**


**3/11/2021**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                           **UNITED STATES DISTRICT JUDGE**