# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

SUSAN LLOYD,

      Plaintiff,

                                       **Case No. 2:20-cv-2928**

   v.                                   **Judge Edmund A. Sargus, Jr.**

                                       **Magistrate Judge Chelsey M. Vascura**

THOMAS POKORNY, *et al.*,

      Defendants.

## OPINION AND ORDER

Pro Se Plaintiff Susan Lloyd has filed several motions and objections to the Magistrate Judge's Orders, which this Court will now address collectively. The matters before the Court are Plaintiff's Motion to Disqualify (ECF No. 86), Motion to Reconsider (ECF No. 87), and Objections to the Magistrate Judge's Orders (ECF Nos. 96, 98, 99, 108). For the reasons set forth below, the Court **DENIES** Plaintiff's motions (ECF Nos. 86, 87), and **OVERRULES** Plaintiff's Objections (ECF Nos. 96, 98, 99, 108).

    I.      Plaintiff's Motions

Plaintiff filed a motion to disqualify and a motion to reconsider. The motions are both one paragraph long, and very nearly identical. Plaintiff alleges that former Defendant Szabo was represented by former Defendants Lindsay Molnar, David Perduk, and Perduck and Associates. Plaintiff requests for former Defendants Lindsay Molnar, David Perduk, and Perduck and Associates to be disqualified as counsels for former Defendant Szabo, (ECF No. 86), and asserts that all Orders related to former Defendant Szabo "must be void as the orders were filed under a sham legal process and fraud." (ECF No. 87).

The Court will begin with Plaintiff's motion to reconsider and will interpret the motion as being brought under Federal Rule of Civil Procedure 59(e). Federal Rule of Civil Procedure 59(e) permits a district court to correct its errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). It is within the sound discretion of the district court whether to grant relief under Rule 59(e). *In re Ford Motor Co., Sec. Litig. Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). A Rule 59(e) motion is rarely granted unless the district court made a clear error of law, there is an intervening change in the controlling law, or granting the motion will prevent a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

When this Court issued an Opinion and Order dismissing these former Defendants, the Court observed that the former Defendants all proceeded *pro se*. Plaintiff has not shown otherwise. The Court finds no clear error in its prior Orders and therefore **DENIES** Plaintiff's motion for reconsideration. (ECF No. 87). Relatedly, this Court cannot disqualify the counsel of a former party that was not represented by counsel. Therefore, this Court also **DENIES as moot** Plaintiff's motion to disqualify. (ECF No. 86).

II.     Plaintiff's Objections

Plaintiff objects to several of the Orders issued by the Magistrate Judge. The Court may reconsider an order of the Magistrate Judge where it has been shown that the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

First, Plaintiff objects to the Order, docketed as ECF No. 89, denying Plaintiff's motion to refund her filing fee. (ECF Nos. 96, 98). Plaintiff asserts that she is not required to pay a filing fee to file an interlocutory appeal. The Magistrate Judge's Order explained that "[a]lthough Plaintiff is correct that no filing fee is required for motions for certification under [28 U.S.C.] § 1292, this

does not change the fact that she also commenced proceedings in the Court of Appeals, for which a filing fee is required and was properly paid by Plaintiff." (Order, ECF No. 89).

Second, Plaintiff objects to the Order, docketed as ECF No. 94, granting Plaintiff an extension of time to complete service. (ECF No. 99). Plaintiff asserts that all Defendants except one waived service. This Court previously reviewed this assertion *de novo*, as stated in its Opinion and Order dated May 26, 2021. (ECF No. 112).

Third, Plaintiff objects to the Order, docketed as ECF No. 106, denying as moot Plaintiff's demand for an Article III Court. (ECF No. 108). Plaintiff asserts that the Magistrate Judge is "denying Lloyds rights" because Plaintiff is entitled to an Article III Court. (*Id.*) As the Magistrate Judge stated, "United States District Judge Edmund A. Sargus, Jr.—an Article III Judge—is already assigned to this case." To the extent Plaintiff wonders why the Magistrate Judge has determined many of the matters in this case, it is because such is authorized under federal law. Pursuant to 28 U.S.C. § 636(b)(1)(A), with certain exceptions, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[.]"

The Court has reviewed the Orders of the Magistrate Judge and finds that they are neither clearly erroneous nor contrary to law.

III.     Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff Susan Lloyd's Motion to Disqualify, (ECF No. 86), and Motion to Reconsider, (ECF No. 87), and **OVERRULES** Plaintiff's Objections (ECF Nos. 96, 98, 99, 108).

**IT IS SO ORDERED.**

6/1/2021                                              s/Edmund A. Sargus, Jr.
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**