UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN LLOYD,

    Plaintiff,

v.

THOMAS POKORNY, *et al.*,

    Defendants.

Case No. 2:20-cv-2928

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsea M. Vascura

**OPINION & ORDER**

Before the Court are Plaintiff Susan Lloyd's motions for reconsideration of the Court's opinions and orders dismissing her claims against Judge Thomas Pokorny (ECF Nos. 64 & 107), as well as those dismissing her claims against Jason Whitacre, Scott Flynn, Troy Reeves, and Flynn, Keith, and Flynn, LLC (ECF No. 112). (ECF Nos. 110, 115.) Lloyd also filed an objection to Magistrate Judge Vascura's order denying without prejudice Lloyd's motion for a default judgment. (ECF No. 114.) For the reasons below, Lloyd's motions (ECF Nos. 110 & 115) are **DENIED,** and her objection (ECF No. 118) is **OVERRULED**.

**I.**

Ms. Lloyd requests reconsideration of two of this Court's decisions. Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). A district court's authority to reconsider its previous orders has been recognized to afford such relief as justice requires. *Id*. Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening

1

change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

## II.

In her first motion for reconsideration, Ms. Lloyd argues that newly discovered evidence justifies relief from the Court's previous orders dismissing her claims against Judge Pokorny. Specifically, Lloyd argues that she discovered new evidence that Judge Pokorny falsified his JASPAY record, which is a digital portal used by retired Ohio state judges to record their hours and request compensation when they are assigned to cases.[1] (ECF No. 110 at PageID #1417.) Lloyd argues that she could not have discovered this information before May 7, 2021 (*Id.*), nearly two months after this Court dismissed her remaining claims for nonmonetary relief against Judge Pokorny. (ECF No. 107.) Notably, the crux of Lloyd's claims against Judge Pokorny are related to how he conducted her state court proceedings, rather than how he managed his time-log. (ECF No. 23 at PageID #345–50, 355-62.) Thus, even if Lloyd did discover new, previously undiscoverable evidence related to the falsification of Judge Pokorny's JASPAY record, she has not shown how it impacts this Court's adjudication of her 42 U.S.C. § 1983 claims.

In her second motion for reconsideration, Ms. Lloyd argues that the Court erred in agreeing that she had not properly served her amended complaint on Jason Whitacre, Scott Flynn, Troy Reeves, and Flynn, Keith, and Flynn, LLC. (ECF No. 115 at PageID #1433–34.) She contends that these Defendants had waived service and she emailed them   There is no such error that would entitle her to relief from judgment. Lloyd obtained a waiver of service of summons from these Defendants for her initial complaint. (ECF Nos. 16, 17.) But as the Court explained in its Show

---

[1] Sup. Ct. of Ohio, *JASPAY Portal Instructions*, https://www.supremecourt.ohio.gov/JCS/judicialAssignment/JASPAYinstructions.pdf.

Cause Order and January 11, 2021 order (ECF Nos. 91, 94), Lloyd did not obtain a waiver for her amended complaint, nor did Defendants consent to electronic service.  *See* Fed. R. Civ. P. 5(b)(2)(E).

Accordingly, Ms. Lloyd has offered no sufficient justification for the Court to reconsider the decisions with which she takes issue.

### III.

Ms. Lloyd objects to the Magistrate Judge's order that her motion for default judgment against Joshua Thornberry be denied with prejudice. (ECF No. 118.)  She argues that she filed a separate application for the clerk's entry of default judgment. (*Id.* at PageID #1467.)  The Court finds no such application on the docket, nor did Lloyd attach a copy of that application.  Therefore, even when conducting a de novo review of Ms. Lloyd's objection, it is properly overruled.

### IV.

For the reasons set forth above, **DENIES** Ms. Lloyd's motions for reconsideration (ECF Nos. 110, 115) and **OVERRULES** Ms. Lloyd's objection (ECF No. 118).

**IT IS SO ORDERED.**

**10/6/2021**                              s/Edmund A. Sargus, Jr.
**DATE**                                   **EDMUND A. SARGUS, JR.**
                                           **UNITED STATES DISTRICT JUDGE**