UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN LLOYD,

    Plaintiff,

  v.                                  Case No. 2:20-cv-2928
                                          JUDGE EDMUND A. SARGUS, JR.
                                          Magistrate Judge Chelsey M. Vascura

THOMAS POKORNY, *et al.*,

    Defendants.

# ORDER

This matter is before the Court for consideration of (1) Plaintiff Susan Lloyd's Objection to the Magistrate Judge's December 17, 2021 Order (the "December 17 Order") (ECF No. 125), (2) Defendant Joshua Thornsbery's Motion to Dismiss (ECF No. 124), and (3) Plaintiff's Motion to Strike Defendant Thornsbery's Motion to Dismiss (ECF No. 126).

For the reasons stated herein, the Court (1) **OVERRULES** Plaintiff's objection to the Magistrate Judge's December 17 Order (ECF No. 125); (2) **DENIES** Plaintiff's Motion to Strike (ECF No. 126); (3) **RESERVES JUDGMENT** on Defendant Thornsbery's Motion to Dismiss (ECF No. 124); and (4) **ORDERS** Plaintiff to **SHOW CAUSE WITHIN FOURTEEN (14) DAYS** why her claims against Defendant Thornsbery should not be dismissed given her noncompliance with the Magistrate Judge's December 17 Order.

    **I.**    **Plaintiff's Objection to the Magistrate Judge's December 17, 2021 Order**

Plaintiff objects to the Magistrate Judge's December 17, 2021 Order (the "December 17 Order"). (ECF No. 123.) That Order (1) granted Defendant Thornsbery's motion for an enlargement of time to file an Answer to Plaintiff's Amended Complaint and motion for a more

1

definite statement and (2) required Plaintiff to file a Second Amended Complaint that complies with Federal Rule of Civil Procedure 8(a) and contains allegations only against the remaining Defendant Thornsbery. (*Id.*)

Plaintiff's objection to the December 17 Order is untimely. Pursuant to Federal Rule of Civil Procedure 72, "[a] party may serve and file objections to [a Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Further, "[a] party may not assign as error a defect in the order not timely objected to," and the "[t]he district judge in the case must consider *timely* objections." *Id.* (emphasis added). Here, the Magistrate Judge's Order was decided on December 17, 2021, and served on Plaintiff via U.S. mail the same day. (ECF No. 123.) Accordingly, Plaintiff's deadline to object to the Magistrate Judge's Order was January 3, 2022.[1] Yet Plaintiff's objection was not received by the Court until January 6, 2022. (ECF No. 125.) Although the objection is postmarked December 27, 2021, it is Plaintiff's responsibility to ensure her court filings are received by the Court in a timely manner. Because Plaintiff failed to do so, the Court **OVERRULES** Plaintiff's objection as untimely.

Moreover, even if Plaintiff's objection was timely, it does not set forth grounds for modifying or setting aside the December 17 Order. Plaintiff's assertion that "Thornsbery is well aware of why he is being sued" is not sufficient to address the Magistrate Judge's finding that "Plaintiff's Amended Complaint, as it relates to Mr. Thornsbery, is 'so vague or ambiguous that [he] could not reasonably prepare a response.'" (ECF No. 123) (quoting Fed. R. Civ. P. 12(e)). The remainder of Plaintiff's objection sets forth allegations relating to her underlying claims and makes allegations of bias and conflict of interest against the Magistrate Judge, none of which have any pertinence to the December 17 Order.

---

[1] Fourteen calendar days from December 17, 2021, falls on Friday, December 31, 2021, which was a federal court holiday; accordingly, Plaintiff's objection was due the following business day on Monday, January 3, 2022.

Accordingly, Plaintiff's objection is **OVERRULED**. (ECF No. 125.)

## II.     Defendant's Motion to Dismiss

On January 5, 2022, Defendant Joshua Thornsbery moved to dismiss Plaintiff's claims against him, citing her failure to (1) timely object to the Magistrate Judge's December 17 Order and (2) file a Second Amended Complaint. (ECF No. 124.) Defendant's motion to dismiss is based in Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). Whether on a defendant's motion or *sua sponte*, courts utilize Rule 41(b) "as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing, *inter alia*, *Wabash R.R. Co.*, 370 U.S. at 629-30).

The United States Court of Appeals for the Sixth Circuit has instructed district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

3

Plaintiff, as discussed, has failed to comply with the Magistrate Judge's December 17 Order. This was required *regardless* of the timeliness of her objection. *See* Col. Gen. Order 14-01, Section IV.C.3.a ("Unless stayed by order of the Court, any order to which objections have been filed remains in full force and effect during the pendency of the objection."). Whether said failure warrants dismissal pursuant to Rule 41(b) is, as noted, guided by various factors—a key one being whether the noncompliant party was put on notice that her "contumacious" conduct could lead to dismissal. *See Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (noting that "[t]his court has repeatedly 'reversed district courts for dismissing cases because litigants . . . failed to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal'") (quoting *Harris v. Callwood*, 855 F.2d 1254, 1256 (6th Cir. 1988)).

Here, Plaintiff, who is proceeding *pro se*, has been repeatedly apprised of the potential consequences of failing to heed this Court's orders in prosecuting her claims. (*See* ECF No. 91) (ordering Plaintiff to "show cause" why her claims against other defendants should not be dismissed for failure to prosecute); (ECF No. 112) (adopting the Magistrate Judge's report and recommendation dismissing Plaintiff's claims against various defendants for failure to prosecute). Nevertheless, the December 17 Order itself did not specifically warn Plaintiff that noncompliance therewith would result in dismissal. And it appears that Plaintiff (erroneously) believed that her objection to the December 17 Order would stay her obligation to comply with it.

The Sixth Circuit has directed district courts to "impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Harris*, 855 F.2d at 1256. In light of Plaintiff's (untimely) response to the December 17 Order, and the fact that she is proceeding without counsel, the Court cannot confidently say that her noncompliance with the

4

December 17 Order rises to a level of "bad faith or contumacious" conduct which presently warrants dismissal.

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER** why her claim against Defendant Thornsbery should not be dismissed pursuant to Rule 41(b) for failure to comply with the Magistrate Judge's December 17 Order. The Court **RESERVES JUDGMENT** on Defendant Thornsbery's Motion to Dismiss until after this fourteen-day period. (ECF No. 124.)

### III.     Plaintiff's Motion to Strike

Plaintiff has moved to strike Defendant Thornsbery's Motion to Dismiss on the basis that it "does not follow and FRCP 12 Rule and his certificate of service page is also lacking." (ECF No. 126.) As discussed, Defendant's Motion to Dismiss is animated by Rule 41(b), which clearly permits him to move for dismissal under the present circumstances. *See* Fed. R. Civ. P. 41(b). Moreover, the procedural sufficiency of Defendant's motion is of little practical importance, given that (1) Plaintiff is clearly aware of it and (2) the basis for his motion—Plaintiff's failure to comply with the December 17 Order—is something that the Court may act on *sua sponte*. *See*, *e.g.*, Carpenter, 723 F.3d at 704.

Accordingly, Plaintiff's Motion to Strike is **DENIED**. (ECF No. 126.)

### IV.     Conclusion

For the foregoing reasons, the Court (1) **OVERRULES** Plaintiff's objection to the Magistrate Judge's December 17 Order (ECF No. 125); (2) **DENIES** Plaintiff's Motion to Strike (ECF No. 126); (3) **RESERVES JUDGMENT** on Defendant Thornsbery's Motion to Dismiss (ECF No. 124); and (4) **ORDERS** Plaintiff to **SHOW CAUSE WITHIN FOURTEEN (14) DAYS** why her claims against Defendant Thornsbery should not be dismissed pursuant to Rule 41(b) for failure to comply with the December 17 Order.

**IT IS SO ORDERED.**


**2/17/2022**　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**