UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SUSAN LLOYD,

        Plaintiff,

  v.                                Case No. 2:20-cv-2928
                                      JUDGE EDMUND A. SARGUS, JR.
                                      Magistrate Judge Chelsey M. Vascura

THOMAS POKORNY, *et al.*,

        Defendants.

## ORDER

      This matter arises on Defendant Thornsbery's Motion to Dismiss for Failure to Prosecute (the "Motion to Dismiss"). (ECF No. 124.) On February 17, 2022, this Court reserved judgment on Defendant's Motion to Dismiss and ordered Plaintiff to show cause as to why her complaint should not be dismissed for failure to comply with the Magistrate Judge's December 17 Order (the "Show Cause Order"). (ECF No. 127.) Plaintiff was given fourteen days to comply with the December 17 Order—specifically, by filing an amended complaint that honed her allegations against Defendant Thornsbery. (*Id.*) To date, no second amended complaint has been filed. Instead, Plaintiff has responded to the Show Cause Order by arguing that Defendant Thornsbery's Motion to Dismiss should be denied because it was improperly filed under the Federal Rules of Civil Procedure and because "his certificate of service . . . did not state on what date and how [Plaintiff] Lloyd was served" and was not formally signed. (ECF No. 128.)

      The Court addressed Plaintiff's arguments in the Show Cause Order. (ECF No. 127.) There, it specifically noted that Defendant Thornsbery's motion was properly filed pursuant to Federal Rule of Civil Procedure 41(b), and that the sufficiency of his certificate of service was "of

1

little practical importance, given that (1) Plaintiff is clearly aware of [Defendant's Motion to Dismiss] and (2) the basis for his motion—Plaintiff's failure to comply with the December 17 Order—is something that the Court may act on *sua sponte*." (ECF No. 127) (citing *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013)).

The Court's position on the matter has not changed. In other words, whether on Defendant's motion or this Court's own volition, Plaintiff's claims against Defendant Thornsbery may be dismissed pursuant to Rule 41(b) for failure to comply with the December 17 Order.

The United States Court of Appeals for the Sixth Circuit has instructed district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.
>
> *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*,

176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

As this Court stated in the Show Cause Order:

> Plaintiff, who is proceeding *pro se*, has been repeatedly apprised of the potential consequences of failing to heed this Court's orders in prosecuting her claims. (*See* ECF No. 91) (ordering Plaintiff to "show cause" why her claims against other defendants should not be dismissed for failure to prosecute); (ECF No. 112) (adopting the Magistrate Judge's report and recommendation dismissing Plaintiff's claims against various defendants for failure to prosecute). Nevertheless, the December 17 Order itself did not specifically warn Plaintiff that noncompliance therewith would result in dismissal. And it appears that Plaintiff (erroneously) believed that her objection to the December 17 Order would stay her obligation to comply with it.

2

(ECF No. 127.)

At this point, Plaintiff has been given close to three months to comply with the December 17 Order. The Court attempted to confront this noncompliance with "less drastic action" (*i.e.*, action falling short of dismissal) with the Show Cause Order, which explicitly warned Plaintiff that her failure to comply therewith could result in dismissal of her complaint. Plaintiff has failed to heed this warning.

Accordingly, for the foregoing reasons, the Court **DISMISSES** Plaintiff Lloyd's remaining claims against Defendant Thornsbery pursuant to Rule 41(b), (ECF No. 23), and **DENIES AS MOOT** Defendant Thornsbery's Motion to Dismiss (ECF No. 124).

Because Defendant Thornsbery is the last defendant remaining in this action, this case is to be closed on the docket of this Court.

**IT IS SO ORDERED.**

**3/21/2022**              **s/Edmund A. Sargus, Jr.**
**DATE**             **EDMUND A. SARGUS, JR.**
            **UNITED STATES DISTRICT JUDGE**